UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALICIA CHAPMAN, | Case No. 2:20-cv-01858-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

Before the Court is Plaintiff Alicia Chapman's Application for Leave to Proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a Complaint challenging the Social Security Administration's denial of Social Security Disability Insurance benefits. ECF No. 2.

**I.   Application to Proceed *in forma pauperis***

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). A plaintiff must satisfy the following procedural requirements in order to file a complaint in a Social Security appeal before a federal district court: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and, (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security

---

[1] Andrew Saul is now the Commissoner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security….").

1

Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, Case No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (internal citations omitted).

Plaintiff's Complaint represents that she has exhausted her administrative remedies and timely commenced this action after the Social Security Administration's Appeal Council denied her request for review. ECF No. 2 ¶ 4-5. The Complaint further indicates the judicial district within which Plaintiff resides. *Id*. ¶ 1. However, Plaintiff's Complaint is deficient because it does not discuss the nature of her disability and when she became disabled. The Complaint also fails to identify the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that she is entitled to relief other than to say that the "final decision of the Administrative Law Judge was based on error of law and was not supported by substantial evidence." *Id*. ¶ 6. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Montoya*, 2016 WL 890922, at *2. Although the fourth element of a complaint in a Social Security appeal need not be plead in great detail, it "must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to Section 1915(e)." *Id*. (internal citation omitted).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 2) is DISMISSED **without prejudice** with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, Plaintiff must file her amended complaint correcting the deficiencies noted above within **thirty (30) court days** from the date of this Order. Plaintiff is advised that if she files an amended complaint, her Complaint (ECF No. 2) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.  Failure to comply with this Order may result in a dismissal of this action.

DATED this 7th day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3